# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

JILLYN K. SCHULZE

UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD
LANE
SUITE 335A
GREENBELT,
MARYLAND 20770
(301) 344-0630
Fax:   (301) 344-0629

November 14, 2003

Steven Mark Spiegel, Esquire
3917 Keller Avenue
Alexandria VA 22302-1817

David A. Carter, Esquire
95 Cathedral Street Suite 100
Annapolis MD 21401

Thomas X. Glancy, Jr., Esquire
233 E Redwood Street
Baltimore MD 21202

Re:   *Ron Berman v. Congressional Towers Limited Partnership*
      Civil No.  DKC 02-3470

Dear Counsel:

Pursuant to the referral of this case to me for resolution of discovery disputes, a recorded telephone hearing was held on November 13, 2003, to discuss pending motions.  This letter will confirm the rulings made, for reasons stated during the hearing.

Plaintiff's motion to compel (Docket No. 59) is granted in part and denied in part, as follows.  In response to Interrogatories No. 5, 10, 11, 13, 14, and Document Requests No. 3, 9, 10, 11, 12, 13, 16, 17, 18, and 19, Defendant must provide complete information or state that all information has been provided.  No further response to Interrogatories No. 7, 8, 15, 16, and 18, and Document Requests No. 2, 4, 5, 7, and 23 need be provided.  Defendant must provide documents from its contractor(s) in response to Interrogatory No. 17, or, with regard to interior work, state that none was performed before Plaintiff vacated the apartment.  Defendant must respond to Document Request No. 25 by providing all documents which are not work product or privileged, or must state that all such documents have been provided.  Defendant's final supplemental responses to all written discovery requests are due on December 2, 2003.

Plaintiff's request to strike Defendant's expert witnesses is denied.  Plaintiff has until December 2, 2003, to designate rebuttal experts.

Counsel
*Ron Berman v. Congressional Towers Limited Partnership*
Civil No.  DKC 02-3470
November 14, 2003
Page 2


Defendant's motion for leave to file first amended answer (Docket No. 63) is granted as unopposed.

In light of these substantive rulings, the following motions are denied as moot: Plaintiff's motions to strike (Dockets No. 51, 65, and 70), Defendant's motion to strike (Docket No. 54), and Defendant's motion for leave to file opposition (Docket No. 62).


Based on events to date, no sanctions are appropriate.


Despite the informal nature of this letter, it is an order of the court and the clerk is directed to docket it as such.


Sincerely,


/S/


Jillyn K. Schulze
United States Magistrate Judge