**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

JILLYN K. SCHULZE

UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
SUITE 335A
GREENBELT,
MARYLAND 20770
(301) 344-0630
Fax:   (301) 344-0629

January 28, 2004

Steven Mark Spiegel, Esquire
3917 Keller Avenue
Alexandria VA 22302-1817

David A. Carter, Esquire
95 Cathedral Street Suite 100
Annapolis MD 21401

> Re:   ***Ron Berman v. Congressional Towers Limited Partnership***
> **Civil No.  DKC 02-3470**

Dear Counsel:

Pursuant to the referral of this case to me for resolution of discovery disputes, I have reviewed pending discovery motions.  No hearing is deemed necessary.  Local Rule 105.6.  For the reasons set forth below, two motions are denied and the third is denied in part and deferred in part.

Plaintiff's motion for sanctions for violation of the scheduling order (Docket No. 77) alleges that Defendants failed to respond to a settlement demand presented on May 20, 2003, and continued to refuse to participate in settlement negotiations through the submission of the status report on November 11, 2003.  Defense counsel responds that although he viewed Plaintiff's settlement demand as unreasonable, he advised Plaintiff's counsel that he needed to complete discovery before he could evaluate the case.  Having completed discovery, counsel has concluded that he cannot recommend a substantial settlement offer.  In reply, Plaintiff argues that counsel's assessment of the case is irrelevant to the obligation to engage in settlement negotiations.

This motion misunderstands the requirement that the parties certify that they have met to conduct serious settlement negotiations.  The order does not require a party to make a settlement offer before discovery is completed, particularly where the party believes that the case cannot be evaluated before discovery, nor does it require any offer where a defendant believes that a case lacks merit.  Nor is counsel required to participate in a formal settlement meeting for the sole purpose of communicating that there is no offer.

Counsel
*Ron Berman v. Congressional Towers Limited Partnership*
Civil No.  DKC 02-3470
January 28, 2004
Page 2

     Plaintiff's motion to modify the November 14, 2003 discovery order (Docket No. 78) is similarly without merit. At the hearing, Plaintiff claimed that Defendants concealed the identity of "the author of the smoking gun document," and requested as a remedy that Defendant pay for the author's deposition.  (Hearing Tr. at 20-22).   The request for payment was denied based on findings that 1) reasonable efforts to identify the author had been made, and 2) Plaintiff had suffered no prejudice from the timing of the identification.  (Tr. 25-26).

     Plaintiff's request for reconsideration of this ruling presents insignificant elaboration on the arguments he made at the hearing.  He alleges that defense counsel's claim that he had only recently gotten the document at issue cannot be true because the memo is a "smoking gun."  (Mo. at 6).  The importance Plaintiff attaches to the memo is, of course, hardly "evidence" that defense counsel is not telling the truth.[1]  Plaintiff also alleges that Defendants could have asked Ms. Dooley earlier if she could identify the memo's author.  (Mo. at 5).  This, too, was discussed at the hearing.  Plaintiff now attaches great weight to Ms. Dooley's employment status, but that fact is  insignificant because both sides were aware of her.  (Mo. at 6).  Plaintiff also attempts to raise new, and much broader, claims that Defendants engaged in dilatory discovery practice, characterizing the late disclosure of Mr. Foster's authorship of the memo as "only the final contemptible act of the series of Defendant's misconduct."  Plaintiff references a failure to produce the file containing the document, to name Mr. Foster as a person with knowledge, or to provide other requested material.  (Reply at 6-8).   All of this could have been raised during the hearing, and was ruled upon to the extent that it was raised.  Finally, Plaintiff does not address the court's alternative ruling that he suffered no prejudice from the timing of Mr. Foster's identification.[2]  In sum, no basis upon which to modify the previous order has been shown.  *See* Fed. R. Civ. P. 60(b).

     Plaintiff's second motion for sanctions (Docket No. 80) was filed under the perception that Defendants did not serve the "Third Supplemental Answers to Plaintiff's Interrogatories" and "Third Supplemental Response to Plaintiff's Request for Production of Documents," attached as

---

[1]Plaintiff's counsel was previously advised that the court is not inclined, when presented with conflicting versions of events, to rule that one party's counsel is less credible or has a less accurate memory.  (Hearing Tr. at 3).

[2]A conclusory allegation that Defendant "obstructed and prevented Plaintiff from conducting discovery," (Reply at 10), hardly qualifies as a showing of prejudice.  There is no showing that Plaintiff has not obtained discovery.

Counsel
*Ron Berman v. Congressional Towers Limited Partnership*
Civil No.  DKC 02-3470
January 28, 2004
Page 3

Exhibits 1 and 2 to Defendants' opposition.  In reply, Plaintiff alleges that he first received these supplemental responses when Defendants opposed the instant motion and accuses Defendants of committing a "fraud upon the Court" by certifying that these responses were timely served.

The substantive discovery issues presented by this motion are ready for resolution. Plaintiff complains generally that Defendants' responses to Interrogatories No. 5, 10, 11, 13 and 14 are not accurate and complete,[3] and that Defendants failed to certify the accuracy and completeness of their responses.  Defendants' response to Interrogatory No. 5 identifies individuals with knowledge of relevant facts and states that other persons with knowledge are identified in specified documents. Plaintiff is not satisfied with the "identifying information" regarding these persons, but there is no contention that Plaintiff cannot locate them.  Similarly, while Defendants' response to Interrogatory No. 10 may not be what Plaintiff was hoping to hear, it complies with the court's prior order.  No other specific complaints are raised, and Plaintiff's generalized complaints of inadequacy, inaccuracy, and lack of certification lack substance.  Accordingly, to the extent that Plaintiff's second motion for sanctions seeks additional discovery, or sanctions based on the content of the discovery, it is denied.  Similarly, Defendants' request for sanctions is denied since both parties have contributed to the need for this motions practice.

Plaintiff's latest request for sanctions is also based on extremely serious allegations of bad faith and/or fraud.  Although Plaintiff cites Rule 37(b)(2), his allegations present factual and legal issues which are well beyond the scope of discovery.   As such, they will be treated as a separate motion.  Defendant has been granted leave to respond by February 2, 2004, and Plaintiff will have until February 13, 2004, to reply.

Despite the informal nature of this letter, it is an order of the court and the clerk is directed to docket it as such.

Sincerely,
 /S/
Jillyn K. Schulze
United States Magistrate Judge

---

[3]Plaintiff expresses the same dissatisfaction with Defendant's response to Interrogatory No. 4. This interrogatory however, was not addressed in a motion to compel or in the November 14, 2003, discovery order.  Accordingly, it will not be considered now.