**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**JILLYN K. SCHULZE**

**UNITED STATES MAGISTRATE JUDGE**

**6500 CHERRYWOOD LANE**
**SUITE 335A**
**GREENBELT, MARYLAND 20770**
**(301) 344-0630**
**Fax:   (301) 344-0629**

February 23, 2004

Steven Mark Spiegel, Esquire
3917 Keller Avenue
Alexandria VA 22302-1817

David A. Carter, Esquire
95 Cathedral Street Suite 100
Annapolis MD 21401

>        Re:    *Ron Berman v. Congressional Towers Limited Partnership*
>                Civil No.  DKC 02-3470

Dear Counsel:

Pursuant to the referral of this case to me for resolution of discovery disputes, I have reviewed Plaintiff's Second Motion for Sanctions, Dkt. No. 80, and supplemental papers.  No hearing is deemed necessary.  Local Rule 105.6.  For the reasons set forth below, the motion, previously denied in part, *see* Dkt. No. 92, will now be denied in full.

Plaintiff seeks sanctions for Defendants' failure to serve supplemental responses to interrogatories and requests for production of documents by the December 2, 2003, deadline. *See* Dkt. No. 73.  Defendants responded that the supplemental responses were e-mailed to Plaintiff's counsel on December 2, 2003, and attached copies of the supplemental responses which contain counsel's certificate of service by e-mail on that date.  Dkt. No. 84.  Plaintiff replied that his counsel did not receive this e-mail and accused defense counsel of committing a fraud on the court by certifying that the e-mails had been sent, and/or creating the supplemental responses after the motion for sanctions was filed.  I previously ruled on the issues concerning the content of the supplemental responses, Dkt. No. 92, but deferred ruling on the request for sanctions until further briefing, which is now complete.

The facts necessary to resolution of the request for sanctions can be gleaned from the papers and exhibits.  On November 14, 2003, I ordered Defendants to supplement responses to certain interrogatories and requests for production of documents by December 2, 2003.  Dkt. No. 73.  Mr. Spiegel received a package of documents from Mr. Carter on December 2, 2003.  Dkt. No. 94 at 2.  Also on December 2, 2003, an e-mail with attached supplemental responses to interrogatories and requests for production of documents was sent from Mr. Carter's account.  The e-mail was directed to three addresses for Plaintiff's counsel.  Two of these addresses were two different spellings of Mr.

Counsel
*Ron Berman v. Congressional Towers Limited Partnership*
Civil No.  DKC 02-3470
February 23, 2004
Page 2

Spiegel's address.  Due to errors in Mr. Carter's address book, none of the three addresses received the e-mail.  However, Mr. Carter's e-mail account received a delivery failure notice for only one of the three addresses.  Dkt. No. 93, Adams and Garrett Affidavits.

Mr. Spiegel and Mr. Carter conferred by telephone on December 9, 2003.  Mr. Spiegel told Mr. Carter that "upon initial review, the package I received on December 2, 2003, appeared to be incomplete, consisting of only documents for the document production."  Dkt. No. 87, Spiegel Affidavit at ¶ 3.[1]  Mr. Spiegel asked if that was everything, and Mr. Carter responded that it was.  *Id.*  Neither Mr. Spiegel nor Mr. Carter specifically referenced supplemental responses to interrogatories or requests for production of documents.  *See* Spiegel Aff. at ¶ 3; Carter Aff. at ¶ 6; Dkt. No. 94 at 2, 5.  Without any further discussion with Mr. Carter, Mr. Spiegel, who had not received the supplemental responses, filed the presently pending second motion for sanctions on December 20, 2003.

The request for sanctions is based on the failure to deliver the supplemental responses by the date set by the court.  Defendants respond that sanctions are not appropriate because the failure of delivery was "accidental," a "comedy of errors."  Dkt. No. 93 at 4.  Plaintiff replies that Defendants have admitted the failure of timely delivery and should have known of the failure because of the e-mail delivery failure notice.  Plaintiff asserts that Defendants' action in response to that notice was "at best bad faith negligence," and "difficult to believe at that."  Dkt. No. 94 at 7-8.

I conclude that Mr. Carter reasonably believed that he had served the supplemental responses on December 2, 2003.  His assistant, with whose knowledge he is charged, sent the e-mail to three addresses, received a delivery failure notice as to one address, found an explanation for that failure,[2] and, having received only one failure notice, reasonably assumed that delivery to the other two addresses had occurred.  Dkt. No. 93, Garrett Affidavit; *see* Adams Affidavit at ¶ 5.

I also conclude that the failure of delivery was not discovered during Mr. Spiegel's and Mr. Carter's December 9 telephone conference because the supplemental responses were not specifically referenced.  Mr. Spiegel, as the one who believed that he had not received everything which the court had ordered, had a duty to specify the items he thought were missing, particularly an item so readily identifiable as supplemental responses to interrogatories.  Stating that one's initial review indicates apparent incompleteness is insufficient notice that specific material is missing, and did not give Mr. Carter reason to suspect that the e-mail transmissions had failed.

---

[1] No verbatim record of the December 9 conference has been proffered.  The quotation is from Mr. Spiegel's affidavit regarding that conference.

[2] Mr. Spiegel's name had been spelled incorrectly.

Counsel
*Ron Berman v. Congressional Towers Limited Partnership*
Civil No.  DKC 02-3470
February 23, 2004
Page 3


Mr. Spiegel had a duty to confer with Mr. Carter about the missing supplemental responses before filing his motion for sanctions.  The motion for sanctions is deficient, and subject to denial, because it does not contain the certificate of conference required by Local Rule 104.7.  Moreover, the complaint of apparent incompleteness made during the December 9 conference did not satisfy the substance of the certification requirement.  Thus, the motion is also denied because the substance of the conference requirement was not satisfied.[3]

The request for sanctions also lacks merit.  The failure to specifically discuss the supplemental responses on December 9, or to by any other means call them to Mr. Carter's attention before filing the request for sanctions, undermines Mr. Spiegel's attack on Mr. Carter's credibility.  Mr. Spiegel questions why the e-mail message itself was not submitted with Mr. Carter's January 5, 2004, response to the second motion for sanctions.  Dkt. No. 94 at 11.  However, at that time, there is no indication that Mr. Carter knew that the supplemental responses had not been served.  Rather, Mr. Carter knew only that on December 20, Mr. Spiegel alleged that they had not been served.  Having received only a vague complaint of incompleteness based on initial review of a document packet, few counsel would conclude that a separate e-mail had not been received or that anything more than the documents which were alleged to be missing needed to be submitted with the response.  There is no basis upon which to reject Mr. Carter's claim of accidental delivery failure.

While the fact remains that the supplemental responses were not served by the date required by the court's order, the court has discretion over the awarding of sanctions for noncompliance with court-ordered discovery, and may make such orders as are just.  F.R.C.P. 37(b)(2).  Here, Plaintiff's counsel's own actions were a significant, if not the primary, cause of the belated discovery of the e-mail delivery failure.  Mr. Spiegel's vague complaint during the December 9 conference is in keeping with his penchant for presenting generalized, sweeping allegations of misconduct rather than focusing on any

---

[3] Alternatively, Plaintiff contends that the motion for sanctions is not a "discovery motion" because it seeks a default judgment.  Leaving aside the fact that numerous lesser remedies are also sought, the motion is expressly based on F.R.C.P. 37, Dkt. Nos. 80 and 94, and is thus governed by Local Rule 104.7.

Counsel
*Ron Berman v. Congressional Towers Limited Partnership*
Civil No.  DKC 02-3470
February 23, 2004
Page 4


specific grievance for which he might legitimately seek relief.[4]  I will not reward this behavior with sanctions.

Plaintiff also seeks reconsideration of my prior ruling regarding the substance of Defendants' response to Interrogatory No. 10.  Plaintiff claims that the response is inaccurate, citing an alleged inconsistency between the response, documents produced on December 2, 2003, and other evidence. Dkt. No. 94 at 14-15.  The scope of judicial supervision over discovery does not extend to assessing the credibility of interrogatory responses.  That is a matter for the jury.

Despite the informal nature of this letter, it is an order of the court and the clerk is directed to docket it as such.

Sincerely,

/S/

Jillyn K. Schulze
United States Magistrate Judge

---

[4] Many of the general allegations in Plaintiff's second reply memorandum also suffer from inaccuracy.  For example, it states, of Defendants' response, that "[r]ather than apologize, or even now be forthright, Defendants instead choose to further compound matters."  Dkt. No. 94 at 4.  One would like to believe that counsel had merely overlooked page two of Defendants' response: "Unfortunately, and with apologies to the Court and counsel, the e-mail was not received by Plaintiff's counsel,"  Dkt. No. 93 at 2.  However, Plaintiff has quoted the second half of that statement.  *Id.* Plaintiff also incorrectly claims that Defendants admit that there were no prior delivery failures.  *See* Adams. Aff. ¶ 8.

Unable to avoid his affidavit's vague rendition of the December 9 conference, Mr. Spiegel editorializes that Mr. Carter's claim of completeness during that conference was made "emphatically."  Dkt. No. 94 at 5.  He also claims to offer "other evidence" regarding the conference: his own e-mail to Mr. Glancy, which presents yet another version of the conference and which, although dated three days later, is described as "contemporaneous."  Dkt. No. 94 at 5 n.6.  Plaintiff also declares Defendants guilty of "repeatedly swearing" falsely when, "[b]y contrast, Plaintiff has been consistently accurate in his representations to the Court."  *Id.* at 4.

Counsel
*Ron Berman v. Congressional Towers Limited Partnership*
Civil No.  DKC 02-3470
February 23, 2004
Page 5