IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RON BERMAN :

v. : Civil Action No. DKC 2002-3470

CONGRESSIONAL TOWERS LIMITED PARTNERSHIP - SECTION I, et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are Plaintiff Ron Berman's objections to the January 29, 2004, and February 23, 2004, orders of Magistrate Judge Jillyn K. Schulze.[1] The issues have been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For the reasons that follow, Plaintiff's objections will be overruled.

**I. Introduction**

Plaintiff's objections arise in a suit for alleged disability discrimination and negligence. The case was referred to Magistrate Judge Schulze for resolution of all discovery disputes, of which there have been many, and for determination of non-dispositive matters. Presently at issue are three motions filed by Plaintiff: (1) December 5, 2003 Motion For Sanctions For Violation of the Scheduling Order (paper no.

---

[1] For reasons discussed herein, Plaintiff has filed separate "motions for reconsideration" of Judge Schulze's January 29, 2004 and February 23, 2004 orders.

77)("first motion for sanctions"); (2) December 11, 2003 Motion For Reconsideration (paper no. 78); and (3) December 20, 2003 Motion For Sanctions For Failure to Sufficiently Respond to Discovery Requests (paper no. 80)("second motion for sanctions"). On January 29, 2003, Judge Schulze denied the first motion for sanctions and the motion for reconsideration. *See* paper no. 92.[2] The second motion for sanctions was denied on the substantive issues; that is, to the extent that Plaintiff sought additional discovery or sanctions based on the content of the discovery. Judge Schulze deferred ruling on Plaintiff's allegations of bad faith and/or fraud, finding these claims to present factual and legal issues well beyond the scope of discovery. *Id.* The parties were granted additional time to brief these "extremely serious allegations." *Id.* On February 23, 2004, upon receiving briefs from both parties, Judge Schulze, finding the motion not in compliance with the local rules and gravely lacking in merit, denied the motion in full. *See* paper no. 96. Apparently viewing the judicial system as akin to a battle field, Plaintiff now seeks another opportunity

[2] The order is dated January 28, 2004, but, because it was not entered on the docket until the next day, the operative filing date is January 29, 2004.

vehemently to assert the same unsupported theories previously rejected on numerous occasions.

**II. Standard of Review**

Under 28 U.S.C. § 636(1)(A), non-dispositive pretrial matters may be referred to a magistrate judge for hearing and determination. A district judge may modify or set aside any portion of a magistrate judge's non-dispositive ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed.R.Civ.P. 72(a). Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. *See Tri-Star Airlines, Inc. v. Willis Careen Corp.*, 75 F.Supp. 2d 835, 839 (W.D.Tenn. 1999). Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence. *Id.* It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123 (D.Md. 2002).

**III. Analysis**

*A. Timeliness of Plaintiff's Motion*

Defendants first respond to Plaintiff's objections by arguing that the first motion for reconsideration (objection) "filed" on February 17, 2004 is untimely under the Federal Rules of Civil Procedure. The motion, however, was not entered on the court's electronic system until February 18, 2004.[3] The Court's Procedures Manual, III.F.2, contains the following caution:

> "A document is "filed" at the time the Notice of Electronic Filing states it was entered. Thus if you begin the process of electronically filing a document on December 20th at 11:55 p.m. and do not complete it until December 21st at 12:05 a.m., the Notice of Electronic Filing will state that document was entered on December 21, 2002 at 12:05 and this will be the date the document was filed. The availability of electronic filing after normal business hours and on weekends and holidays does not in any way extend any deadlines imposed by statute, rule or court order.

Plaintiff, thus, did not file his first motion for reconsideration or objection until February 18.

According to Defendants, Plaintiff should have filed his motion on or before February 13, 2004 -- three days including weekends plus 10 days excluding weekends from the January 29, 2004 entry of the court's order. Plaintiff does not clearly

---

[3] The "filed date" reflects the date counsel logged in to the system, but nothing is actually transmitted to the court's filing system until the "entered" date and time. According to the court's electronic database, counsel logged into the system at 11:47:33 p.m. on February 17, 2004, but the motion was not entered until 12:06:49 a.m. the next day.

address the appropriateness of the computing method upon which Defendants rely, but argues only that Defendants have impermissibly counted weekend days and, although a puzzling argument, that Defendants have suffered no prejudice from Plaintiff's motion being filed four days later because they had four additional days to respond. *See* paper no. 99, at 4.

Under Federal Rule 72(a), a party must make all objections to a magistrate judge's order "[w]ithin 10 days after being served with a copy of the magistrate judge's order." When computing the ten days permitted, weekends and legal holidays are to be excluded. *See* Fed.R.Civ.P. 6(a). When an order is filed by electronic means, as is the case here, Rule 6(e) permits an additional three days to be added to the 10-day time period. *See* Rule 6(e). The additional three days are generally considered separately and added to the 10-day time period unaffected by Rule 6(a)'s exclusion of weekends for prescribed time periods under eleven days. *See National Savings Bank v. Jefferson Bank*, 127 F.R.D. 218, 221-22 (S.D.Fla. 1989). There exist differing views, however, among various courts over whether to compute the 3-day period before or after computing the 10-day period and neither the Fourth Circuit nor the Maryland district courts have clearly enunciated a rule either way. *See Mullins v. Hinkle*, 953 F.Supp. 744, 746 (S.D.W.Va. 1997).

A court in the Southern District of West Virginia, in *Mullins*, announced its preference to establish a clear rule that, in its district, the 3-day period should be computed before the 10-day period. The court referred to this method as the "3 days first" rule. *Id.* at 748. Likewise, Professors Wright and Miller suggest that the three days permitted under Rule 6(e) should be counted first in order to support the purpose behind the time computation rules and to prevent inconsistent application. *See* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1171, at 599-600 (2002). Other federal courts, however, have opted to apply the three days *after* computing the 10-day period to foster consistency and ease of computation. *See, e.g., National Savings Bank*, 127 F.R.D. at 221-222; *Tushner v. United States District Court,* 829 F.2d 853, 855-56 (9th Cir. 1987); *Coles Express v. New England Teamsters & Trucking Indus. Pension Fund,* 702 F.Supp. 355, 357 (D.Me. 1988).

In this case, were the court to compute the 3-day period before then the 10-day period, Plaintiff's motion would have been due on February 13, 2004. That is, three days including weekends would have ended on February 1st and ten days, excluding weekends and holidays pursuant to Rule 6(a), would have ended on February 13th. Thus, under the "3-days first" rule, Plaintiff's

motion filed on February 18, 2004 would be untimely. On the other hand, computing the 10-day period without weekends first and then applying the additional three days, without omitting weekends, would have made Plaintiff's motion due on February 15th, which was a Sunday. Because the rules do not permit the last day of a time period to fall on a weekend or legal holiday, Plaintiff had until the next non-holiday weekday to act. *See* Rule 6(a). Thus, under the 10-days first computation, Plaintiff's motion would have been due on February 17, 2004. (It was not, however, entered, and thus filed, until February 18, 2004.)

Not surprisingly, Defendants request this court to adopt the "3-days first" approach. The court recognizes the benefit of having a clear rule on this issue, but will not resolve the question in this case. Instead, the court will assume that the method resulting in the later date is applicable. Unfortunately for Plaintiff, the first objection was untimely under either formulation. Plaintiff did not seek an extension of the time for making objections, and waited until nearly midnight on February 17 to begin the filing process. Counsel also waited until nearly midnight on March 11 to begin the filing of the second objection, which also was not entered into the court's filing system until 12:02:15 AM on March 12. The manual clearly

cautions counsel that the operative date will be the entered date, and not date when the process is begun. The record is devoid of any suggestion of excusable neglect or good cause. Thus, the court need not review the first objection because it was not timely filed. Even were the it properly before the court, however, it, like the second, would fail.

*B. Motion for Sanctions (paper no. 77)*

On December 5, 2003, Plaintiff filed a motion for sanctions based on Defendants' alleged failure to comply with the scheduling order. Plaintiff argued that Defendants violated the court's scheduling order by neither responding to Plaintiff's May 20, 2003 settlement proposal nor participating in, or making efforts towards, a future settlement. Judge Schulze denied the motion, noting that Defendants had a right to complete discovery before evaluating the case or presenting an appropriate settlement response, assuming that such a response was deemed appropriate. *See* paper no. 92, at 1. Judge Schulze also recognized that, after completing depositions of two witnesses, Defendants' counsel informed Plaintiff's counsel on November 10, 2003, that he viewed this case as having little substantive merit. *See* paper no. 97, at 10. He also informed Plaintiff's counsel that he would confer with his clients to ascertain their response to the settlement proposal. Based on the efforts of

both parties, Judge Schulze found that the requirement to certify good faith efforts towards settlement was satisfied and denied the motion.

Plaintiff now seeks reconsideration of Judge Schulze's order, relying on the same arguments previously asserted. These matters were clearly and sufficiently addressed by Judge Schulze and Plaintiff has not shown that Judge Schulze's determination is clearly erroneous. *See Dawson v. United States*, 68 F.3d 886, 895 (5th Cir. 1995)(holding that the good faith effort requirement does not require a party to make an offer of settlement if, upon "a good-faith evaluation of the respective positions of the parties in the case," the party believes an offer to be inappropriate.). As Plaintiff apparently fails to understand, "[i]t is not the function of objections to [magistrate judge] rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *See Buchanan*, 206 F.R.D. at 124. Despite Plaintiff's displeasure with Defendants' refusal to settle, Judge Schulze's denial of Plaintiff's motion for sanctions is supported by the record and does not present a clear error of law. Accordingly, Plaintiff's objection to Judge Schulze's denial of the first motion for sanctions will be overruled.

*B. Motion for Reconsideration (paper no. 78)*

At the November 14, 2003 hearing, Plaintiff accused Defendants of concealing the identity of "the author of the smoking gun document" and thereby delaying Plaintiff's ability to conduct a deposition of the author. As a result, Plaintiff requested that the court order Defendants to pay all costs of the author's deposition. The court denied Plaintiff's request, finding that Defendants had made reasonable efforts to identify the author and that Plaintiff suffered no prejudice as a result of any delay. *See* paper no. 92, at 2. Thereafter, Plaintiff filed a motion seeking Judge Schulze's reconsideration of her ruling. In a proper exercise of her discretion, Judge Schulze denied Plaintiff's motion, pursuant to Federal Rule 60(b), as it merely reargued the legal issues that were, or could have been, advanced at the hearing. *Id.* A motion for reconsideration is simply not intended to grant relief under such situations. *See United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982).

Likewise, Plaintiff's objection to Judge Schulze's denial is merely another attempt to recycle arguments previously advanced on two separate occasions. These matters were within Judge Schulze's discretion and were sufficiently determined under the appropriate standard of review. Plaintiff provides not even a scintilla of evidence to support his allegations of

abuse of discretion and clear error. As such, there is absolutely no basis to support a reconsideration of Judge Schulze's ruling. *See CNF Constructors, Inc. v. Donohoe Constr. Co.,* 57 F.3d 395, 401 (4th Cir. 1995)("The disposition of motions under Rule 60(b) ordinarily is a matter within the discretion of the district court which will not be disturbed on appeal absent a showing of abuse of that discretion.")(citing *Werner v. Carbo,* 731 F.2d 204, 206 (4th Cir. 1984)). Plaintiff's objection to Judge Schulze's denial of Plaintiff's motion for reconsideration (paper no. 78) will therefore be overruled.

*C. Second Motion for Sanctions (paper no. 80)*

Defendants were given until December 2, 2003, to file their "Third Supplemental Answers to Plaintiff's Interrogatories" and "Third Supplemental Response to Plaintiff's Request for Production of Documents." Considering the documents received to be incomplete and insufficient, Plaintiff filed, on December 20, 2003, a motion for sanctions based on Defendants' failure timely and properly to respond to the requests. Plaintiff also asserted that Defendants' certification that their responses were filed timely was in fact a "fraud upon the Court." *See* paper no. 92, at 3. Judge Schulze denied the motion for sanctions in part, holding that the substantive form of Defendants' responses were sufficient despite Plaintiff's

personal assessment to the contrary. *See* paper no. 92, at 2. Judge Schulze deferred ruling on the allegations of bad faith and/or fraud and granted the parties leave to brief those issues separately.

Thereafter, Judge Schulze denied Plaintiff's motion in full, finding that (1) the motion was not in compliance with the certification requirement of Local Rule 104.7 and (2) given the severity of the remedy sought and the conduct of both parties, an award of sanctions was not appropriate. This judgment is not only supported by the law and the facts, but it was within Judge Schulze's discretion to decline awarding the severe sanction of default sought by Plaintiff. *See Hathcock v. Navistar Intern. Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) ("[T]he imposition of sanctions under Rule 37(b) lies within the trial court's discretion."). In fact, this circuit, recognizing the severity of default as a sanction, encourages the courts to refrain from entering a default judgment if the sufficient grounds do not exist. *See Steigerwald v. Bradley*, 229 F.Supp.2d 445, 449 (D.Md. 2002)(citing *Mutual Federal Sav. and Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)). Judge Schulze found that the answers provided were sufficient and that found no grounds for sanctions existed as the failure of Defendants to provide supplemental answers was a reasonable

error, unknown to them at the time. The court finds no clear error in this finding. Accordingly, Plaintiff's objection to Judge Schulze's denial of the second motion for sanctions will be overruled.[4]

**IV. Conclusion**

Based on the foregoing reasons, all of Plaintiff's objections will be overruled. A separate order will follow.

____________/s/__________
DEBORAH K. CHASANOW
United States District Judge

July 20, 2004

---

[4] Looking at the conduct of <u>both</u> parties, as well as the innumerable discovery disputes commenced by Plaintiff, it seems that Plaintiff fared much better under Judge Schulze's patient purview than he may have elsewhere. Plaintiff has continued to make countless accusations that Defendants have acted with bad faith and improper conduct without any basis of support. Plaintiff is strongly cautioned to review the evidence thoroughly before continuing his practice of making unsupported attacks on Defendants' veracity and professional conduct.